UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

RICHARD ANNUNZIATA,

    Plaintiff

    v.

GINO PALAZZOLO, et al.

    Defendants

_____

Civil Action No. 12-00735

**MEMORANDUM OPINION AND ORDER**

    This matter has come before the Court, *sua sponte*, by its Order to Show Cause why this action should not be dismissed for lack of jurisdiction. The Court scheduled a hearing for March 27, 2012, at 10:00 am. Counsel for Plaintiff Richard Annunziata ("Plaintiff"), Nicholas Khoudary, and counsel for Defendants Gino Palazzolo ("Palazzolo") and Putnam at Tinton Falls LLC ("Putnam"), Elias Abilheira, appeared for oral argument. The parties have also offered numerous letters, certifications, and exhibits in support of their positions.

    There is an initial question whether Plaintiff is domiciled in New York or in New Jersey. Plaintiff claims he is domiciled in Mahopac, New York and has submitted a copy of his driver's license and offered to submit federal and state tax returns in support. Defendants argue Plaintiff is domiciled in Manalpan, New Jersey, which is where Plaintiff admits his wife and child reside, and is the address Plaintiff has listed on court filings to a New Jersey state court. But whether Plaintiff is ultimately domiciled in New York or New Jersey is immaterial because Plaintiff has named defendants domiciled in both jurisdictions. Specifically, Plaintiff has named Putnam as a defendant, whose members include Michael Patti and Nicholas Patti, both residing in New York. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. Pa. 2010) ("[T]he citizenship

of an LLC is determined by the citizenship of each of its members."). Plaintiff does not dispute the New York residence of either Michael or Nicholas Patti. Plaintiff has also named Palazzolo as a defendant, who according to Plaintiff's complaint is domiciled in New Jersey. Thus, there can be no complete diversity of citizenship no matter if Plaintiff is domiciled in New York or in New Jersey. See 28 U.S.C. § 1332(a); Spectacor Mgmt. Group v. Brown, 131 F.3d 120 (3d Cir. 1997).

Plaintiff's response is that he is willing to dismiss Putnam as a defendant. The Court finds that Putnam is a necessary party. All of Plaintiff's allegations involve Putnam, the actions of Putnam and its members, or the ownership of Putnam. Plaintiff's claims could not be redressed without Putnam being a party to this case. Therefore, the Court finds it lacks subject matter jurisdiction over this action.

The Court having considered the parties' submissions, oral argument, and for good cause shown;

**IT IS** on this 27th day of March, 2012,

**ORDERED** that this action is **DISMISSED**; and

**ORDERED** that any subpoenas issued in this matter are not effective and any and all documents received by Plaintiff, whether in possession of Plaintiff's counsel or Plaintiff himself, are to be returned immediately.

/s/   Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge