***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD ANNUNZIATA, | : | |
| Plaintiff, | : | |
| | : | Case No. 12-735(FLW)(DEA) |
| v. | : | |
| GINO PALAZZOLO, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**WOLFSON, District Judge:**

On February 8, 2013, the Court held Nicholas Khoudary, Esq., counsel for Plaintiff, in civil contempt for failure to follow this Court's order to return certain documents he received from an improperly issued subpoena, and also granted Defendants' motion for sanctions in the form of attorneys fees incurred in litigating the contempt matter. The Court then ordered counsel for Defendants to submit a certification in accordance with L. Civ. R. 54.2 ("Rule 54.2") setting forth the amount of his fees, and provided counsel for Plaintiff the opportunity to oppose the amount. Accordingly, the sole remaining issue in this case is a determination of the reasonable amount of sanctions Plaintiff's counsel owes to Defendants.

**I. BACKGROUND**

The Court recently reviewed and summarized the background of this case in its order granting sanctions. See Order dated Feb. 13, 2013, Dkt. No. 34 ("February Order"). Because the Court writes for the benefit of the parties, who know well the history of this case, it is unnecessary to repeat that history beyond the following. In March 2012, the Court dismissed the

1

Complaint for lack of subject matter jurisdiction based on a lack of complete diversity and ordered counsel for Plaintiff to return to counsel for Defendants any documents received as a result of any subpoenas improperly issued in connection with the Complaint. In October 2012, counsel for Defendants certified to the Court that certain bank records that were provided to counsel for Plaintiff through one of the improperly issued subpoenas had not been returned to him or to the bank. During a hearing on this issue on February 8, 2013, the Court found that a valid order existed, that counsel for Plaintiff had knowledge of that order, and that he had disobeyed that order; accordingly, the Court found counsel for Plaintiff in contempt, and awarded counsel for Defendants sanctions in the form of reasonable attorneys fees incurred in litigating the return of the bank records and the contempt matter.

Subsequently, counsel for Defendants timely filed his certifications in accordance with the February Order and Rule 54.2, to which counsel for Plaintiff filed an objection.

**II. DISCUSSION**

The starting point for an award of attorney fees is to calculate the "lodestar" amount, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). "The party seeking attorneys fees has the burden to prove that its request is reasonable. To meet its burden, the fee petitioner must submit evidence to support the hours and billing rates it claims." Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374 (3d Cir. 2004) (citations omitted). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 564 (1986) (internal quotation omitted). "The district court cannot decrease a fee award based on

factors not raised at all by the adverse party" and "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal quotation marks omitted).

"In calculating the hours reasonably expended, a court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Maldonado, 256 F.3d at184-85 (internal quotation marks omitted). Additionally, "[a] reasonable hourly rate is calculated according to the prevailing market rates in the community. An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." Potence, 357 F.3d at 374 (citation omitted). "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Rode, 892 F.2d at 1183.

Counsel for Defendants submitted two certifications setting forth the attorney fees incurred in seeking the return of the bank documents at issue in this case and in opposing Plaintiff's cross-motion for sanctions, as well as an affidavit of another lawyer attesting to the reasonableness of the requested hourly rate. As required, I address the reasonableness of the requested hourly rate separately from the reasonableness of hours expended.

Counsel for Defendants listed his hourly rate at $375. In describing the reasonableness of this hourly rate, counsel for Defendants certified that he is a solo practitioner with 18 years of experience who also has served as an arbitrator to the United States District Court for the District of New Jersey for approximately 10 years. Affidavit of Elias Abilheira, March 6, 2013, at ¶ 2.

Counsel for Defendants averred that his hourly rate for litigation matters ranges between $250 to $385, depending on the complexity of the matter, and further averred that he considers this matter to be fairly complex.  Id. at ¶ 3.  To support the reasonableness of his rate, counsel for Defendants also submitted an affidavit from Michelle Boyer, Esq., a solo practitioner with substantial litigation experience in the region, including formerly as a Deputy Attorney General and a member of Defendant's firm.  Boyer attested that a rate of $375 was within the range of rates for this geographical region, and, thus, was reasonable.  Affidavit of Michelle Boyer, March 6, 2013, at ¶ 3-4.

In response, counsel for Plaintiff asserts that an hourly rate of $375 is excessive, and argues that a reasonable rate is no more than $250.  Counsel for Plaintiff, however, provides no support for his argument, and certainly no affidavit from an attorney with knowledge of prevailing billing rates in the geographic region or relevant case law.  Moreover, there are a plethora of cases in this district that support the reasonableness of counsel for Defendants' requested hourly rate.  This Court in particular has previously awarded fees to attorneys in this region engaged in commercial litigation matters around the hourly rates requested by counsel for Defendants.  E.g., Conklin v. Pressler & Pressler, LLP, No. 10-3566, 2012 WL 569384, at *5 (D.N.J. Feb. 21, 2012) (hourly rate of $325); Ellis v. Ethicon, Inc., No. 05-0726, 2010 WL 715403, at *2 (D.N.J. Mar. 1, 2010) (hourly rate of $350); see also Holliday v. Cabrera & Assocs., P.C., No. 05-0971, 2007 WL 30291, at *4 (E.D.P.A. Jan. 4, 2007) (finding hourly rate of approximately $400 to be reasonable for an attorney located in Eastern Pennsylvania engaged in commercial litigation).  I therefore find the requested hourly rate to be reasonable.  This rate has been attested to by an attorney familiar with rates in this region, and is also within the range of rates found to be reasonable by courts in this region.

4

I turn next to the amount of hours requested. Counsel for Defendants has certified that he spent 15.2 hours on the relevant motions in this matter, which he supported by providing a detailed log that allocated his work in tenth of an hour intervals and described the nature of the work with reasonable specificity. As an initial matter, the Court considers 15.2 hours to be reasonable, given the difficulty counsel for Plaintiff – and the Court – has encountered in dealing with counsel for Plaintiff. See Great Western Mining & Mineral Co. v. ADR Options, Inc., No. 09-2907(FLW), 2012 WL 5200068, at *4 (D.N.J. Oc.t 22, 2012) (finding 21.3 hours to be reasonable amount in connection with sanctions motion). Nevertheless, because I have a "positive and affirmative function in the fee fixing process . . . [I] review the time charged, [and] decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary."[1] Evans v. Port Auth. of New York & New Jersey, 273 F.3d 346, 361-62 (3d Cir. 2001) (internal citation and quotation marks omitted). Here, I will review counsel for Plaintiff's specific objections to the reported hours to determine whether they reflect a reasonable amount.

Counsel for Plaintiff argues that four amounts are excessive: (1) motion preparation on October 11, 2012, (2) opposition preparation on January 7, 2013, (3) hearing preparation on February 1, 2013, and (4) time spent at the hearing on February 8, 2013. Affidavit of Nicholas Khoudary, February 18, 2013, at ¶¶ 2-3. Counsel for Plaintiff provides no basis for his objections other than a generalized claim that these amounts are excessive and exorbitant. Indeed, only with

---

[1] In that connection, however, I note that although a fee petition should include "some fairly definite information as to the hours devoted to various general activities . . . , it is not necessary to know the exact number of minutes nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1037-38 (3d Cir. 1996) (internal quotation marks omitted).

5

respect to the time spent at the hearing does counsel for Plaintiff appear to propose a more reasonable time, based apparently on the duration of the hearing itself.  See id. at ¶ 3.  I am unpersuaded by counsel Plaintiff's vague objections and conclusory argument.  I find that 3.5 hours to prepare a motion and 2.35 hours to draft an opposition are reasonable amounts in this matter.  I further find that 2.8 hours to prepare for a hearing – which likely included preparing the witness that counsel for Defendant intended to have testify – to be reasonable.  Lastly, I find that the 3.65 hours in connection with the February 8, 2013 hearing is reasonable, as that includes the hearing itself, which lasted for approximately 2 hours, and counsel for Defendants' travel time of 1.5 hours.  Accordingly, I will not reduce the amount of time requested by counsel for Defendants.

The Court, having examined the affidavits and hourly records, calculates the lodestar amount for counsel for Defendants as follows:

|                 | **Hourly Rate** | **Hours** | **Lodestar Amount** |
|-----------------|-----------------|-----------|---------------------|
| Elias Abilheira | $375.00         | 15.2      | $5700.00            |

No other argument has been presented to the Court to support a reduction of the lodestar amount, and accordingly I conclude that $5700.00 is a reasonable fee award.

### III. CONCLUSION

For the foregoing reasons, Defendants are awarded attorney fees in the amount of $5700.00, to be paid by counsel for Plaintiff, not Plaintiff.

Dated: April 3, 2013                         /s/ Freda L. Wolfson
                                             **FREDA L. WOLFSON, U.S.D.J.**